IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RODNEY EUGENE STARCHER,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CA C-09-154 | |
| § | | |
| **DR. STEVE STEGER O.D., ET AL.,** § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently assigned to TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs by failing to provide treatment for his declining eyesight. Pending is plaintiff's motion for appointment of counsel (D.E. 3). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, he suffers from a degenerative eye disease known as Fuches Corneal Dystrophy and defendants have failed or refused to properly treat the disease (D.E. 1). Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case. Plaintiff provided a copy of a statement where the doctor requests that plaintiff be allowed to use the law library in the afternoon because his vision is better in the afternoon (D.E. 3, attachment). Plaintiff's pleadings are typed and plaintiff has not stated that he is unable to read, only that it is difficult. Plaintiff has not stated that he has been refused assistance from the law librarian or other inmates. Finally, plaintiff has not stated why he needs a lawyer at this time. His complaint is completed. The court is waiting for him to pay the filing fee before § 1915 screening is conducted. Plaintiff does not need a lawyer or assistance in the law library at this time. Plaintiff has not demonstrated any exceptional circumstances at this

time.  Because of plaintiff's condition, he may need and may request additional time to meet deadlines if unable to timely comply.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 3) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 1st day of July, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE